# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:05CR00280 ERW |
| | ) (MLM) |
| PAUL KINNEY et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon several related report and recommendations of United States Magistrate Mary Ann L. Medler, pursuant to 28 U.S.C. § 636(b): (1) Report and Recommendation of United States Magistrate Judge as to Paul Kinney and Ronald Kinney [doc. #39]; (2) Report and Recommendation of United States Magistrate Judge as to Michael Smith and Ronda Long [doc. #212]; (3) Supplemental Report and Recommendation of United States Magistrate Judge as to Ronald Kinney, Jr. [doc. #213]; and (4) Report and Recommendation of United States Magistrate Judge Concerning Electronic Surveillance by Means of a Wiretap [doc. #214].

The Court is in receipt of various Objections to these reports and recommendations. "[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). Defendants' Objections are considered below.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**I.      Report and Recommendation of United States Magistrate Judge as to Paul Kinney and Ronald Kinney [doc. #39]**

The Court is in receipt of Defendant Paul Kinney's Objections to Report and Recommendation [doc. #30] and Defendant Ronald Kinney's Objection to Report and Recommendation [doc. #41]. The Objections filed by these two Defendants are identical. Specifically, they object to the following conclusions of law reached by the Magistrate: (1) that the affidavit for the search warrant in this case was based upon probable cause to believe evidence of a crime would be found at 3860 East Coronado Street, Unit J; (2) that officers lawfully searched the motor home located in 3860 East Coronado Street, Unit J; and (3) that the recorded telephone conversations between the confidential informant and Defendants were lawfully obtained. They also make a general objection to "the findings of fact and the conclusions of law by the United States Magistrate Judge."[1] After review, the Court finds Defendants' Objections to be without merit.

    A.    <u>Probable Cause</u>

There was probable cause to believe evidence of a crime would be found at 5860 East Coronado Street, Unit J. In their Objections, Defendants state that any information from 2000 which was included in the warrant affidavit is not current and therefore cannot serve as evidence that Defendants were involved in the manufacture of methamphetamine. In considering an application for a search warrant, the issuing judge must determine whether, "given all the circumstances set forth in

---

[1]At the time their Objections were filed, Defendants also objected to the Report and Recommendation based on their view that their Motions to Suppress Interception of Electronic Communications should not have been denied because they were still pending at the time of the Report and Recommendation. This particular objection is moot because the Magistrate subsequently filed a Report and Recommendation addressing this very issue. *See* Report and Recommendation of United States Magistrate Judge Concerning Electronic Surveillance by Means of a Wiretap [doc. #214].

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Further, "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* (quoting *Jones v. United States*, 362 U.S. , 257, 271 (1960)). As the Magistrate explained in her Report and Recommendation, there was ample probable cause to believe that evidence, instrumentalities, or fruits of a crime or contraband would be found at 3860 East Coronado Street, Unit J. *See* Report and Recommendation at 7. Even assuming *arguendo* that the information concerning the 2000 search warrant was stale, as Defendants suggest, the other factual information provided in the affidavit would provide a more than sufficient basis from which to conclude probable cause existed. This other information included the Ruben Cardenas connection, the confidential informant's numerous calls to Defendants to set up the mailing of methamphetamine to St. Louis, the money transfers to Defendants as payment for the methamphetamine, and the surveillance of Defendants picking up the money.

    B.    <u>Motor Home</u>

Officers lawfully searched the motor home located inside 3860 East Coronado Street, Unit J. Defendants argue that the search of the motor home was outside the scope of the warrant and that the evidence seized during the search should therefore be suppressed. According to Defendants, the motor home should not have been searched because it was actually the residence of Defendants and not a vehicle associated with Unit J.

To determine whether a particular warrant sufficiently describes the place to be searched, a reviewing court must consider whether the warrant would "enable the executing officer to locate and identify the premise with reasonable effort, and whether there is any reasonable probability that

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

another premise might be mistakenly searched." *United States v. Gitcho*, 601 F.2d 369, 371 (8th Cir. 1979). "The authority to search granted by any warrant is limited to the specific places described in it and does not extend to additional or different places." *United States v. Nicols*, 344 F.3d 793, 797 (8th Cir. 2003) (internal quotations omitted). As indicated by the Magistrate's findings of fact, the search warrant at issue in this case describes in great detail the single-story commercial building to be searched and also specifies the objects of the search. Unit J has a glass pedestrian door as well as a metal, rolling, garage-type door that can accommodate a vehicle.[2] Among other items, the search warrant specifically included "all vehicles that are located on the property or that are associated with Unit J in any way." Upon execution of the warrant, officers searched the entire premises, including a motor home discovered inside Unit J.

Defendants argue that the motor home should not have been searched because it was not included within the scope of the search warrant. Under the circumstances of this case, it is clear that the motor home was lawfully included in the search because the search warrant specifically included within its scope "all vehicles that are located on the property or that are associated with Unit J in any way." The motor home was located inside Unit J, a commercial building not regularly used for residential purposes which had one glass door entrance and one rolling, garage-type door entrance.[3] Courts have generally considered an item such as the motor home at issue here to be a "vehicle." *See,*

---

[2]According to the Affidavit, Detective Judy Williams had been able to determine that 3860 East Coronado, Unit J, was a business where Defendants were working.

[3]Defendants have not argued or otherwise demonstrated that the motor home was permanently affixed to the property or otherwise incapable of moving. Further, Defendants have not argued or otherwise demonstrated that one could ascertain by viewing the outside of the motor home that it was being used by Defendants as a place to sleep. According to Agent Burke's testimony, the officers investigating this case had not ever entered Unit J prior to the execution of the search warrant. Evid. Tr. at 11.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*e.g.*, *California v. Carney*, 471 U.S. 386 (1985) (discussing automobile exception to warrant requirement and explaining that "[w]hen a vehicle is being used on the highways, or if it is readily capable of such use and is found stationary in a place not regularly used for residential purposes – temporary or otherwise – the two justifications for the vehicle exception come into play"); *United States v. Luna*, 368 F.3d 876, 877 (8th Cir. 2004) (when suspicious panel on motor home which had been pulled over after traffic violation was removed, officers found large quantity of drugs; referring to motor home as "vehicle"); *Heffernan v. State*, 385 So.2d 1060, 1061 (Fla. Ct. App. 1980) (collapsible pop-up camper trailer serving as living space attached by umbilical cords for electricity and water to primary residence; motion to suppress based on theory that pop-up camper trailer was not specifically described in the search warrant; finding search of camper was appropriate because it was within the curtilage and, alternatively, because it was a vehicle and search warrant specifically authorized search of vehicles); *United States v. Napoli*, 530 F.2d 1198, 1200-01 (5th Cir. 1976) (search of a camper parked in driveway next to house identified in search warrant was authorized by the warrant even though warrant did not specifically name the camper as an object to be searched; identifying the camper as a "vehicle"). *See also* Mo. Rev. Stat. § 301.010(65) (defining "vehicle" for purposes of the motor vehicle registration and licensing statutes as "any mechanical device on wheels, designed primarily for use, or used, on highways, except motorized bicycles, vehicles propelled or drawn by horses or human power, or vehicles used exclusively on fixed rails or tracks, or cotton trailers or motorized wheelchairs operated by handicapped persons"). In the context of the search warrant here, the motor home was a vehicle located on and associated with the property, and the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

search of the vehicle was within the scope of the search warrant.[4]

### C. Recorded Phone Calls

Finally, the recorded phone calls made by the confidential informant were lawfully obtained and are admissible as evidence. Defendants argue that the confidential informant in this case did not voluntarily consent to the phone calls. Defendants state that this lack of voluntary consent is evidenced by the fact that the confidential informant was approached by law enforcement officers in a public place, taken to the police station, advised that she had committed a crime and would face jail time, and advised that her cooperation would be made known to the United States Attorney's Office. As the Magistrate correctly explained in detail, the confidential informant knew what role she was playing in the investigation and repeatedly made phone calls with law enforcement officers present. There were no threats or promises to induce the confidential informant's cooperation. *See* Report and Recommendation at 8 (explaining informant's hope that cooperation would favorably influence prosecutor or judge does not diminish voluntariness of consent and that payment to an informant in cash for cooperation is permissible).

After consideration of Defendants' Objections, the Court hereby sustains, adopts, and incorporates herein the Report and Recommendation of United States Magistrate Judge as to Paul Kinney and Ronald Kinney [doc. #39].

## II. Report and Recommendation of United States Magsitrate Judge as to Michael Smith and Ronda Long [doc. #212]

The Court is in receipt of Defendant Michael Smith's Objection to Report and

---

[4]The Court notes that motor homes are utilized in various ways. For example, a motor home might be used for business purposes, it may serve as one's primary vehicle, or it could take one on vacation to a well-known or remote destination.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Recommendation [doc. #215] and Defendant Ronda Long's Objection to Report and Recommendation [doc. #218], wherein Defendants make generalized objections to the Magistrate's findings of fact and conclusions of law.[5] The Court has reviewed Defendants' Objections. *See Lothridge*, 324 F.3d at 600 (district court must conduct a "de novo review of the magistrate judge's proposed findings . . . insofar as [the defendant] objected to those findings"). After consideration of the issues, the Court hereby sustains, adopts, and incorporates herein the Report and Recommendation of United States Magistrate Judge as to Michael Smith and Ronda Long [doc. #212].

### III. Supplemental Report and Recommendation of United States Magistrate Judge as to Ronald Kinney, Jr. [doc. #213]

The Court is in receipt of Defendant Ronald Kinney's Objection to Supplemental Report and Recommendation [doc. #221], wherein Defendant makes generalized objections to the Magistrate's findings of fact and conclusions of law.[6] The Court has reviewed Defendant's Objections. *See Lothridge*, 324 F.3d at 600 (district court must conduct a "de novo review of the magistrate judge's proposed findings . . . insofar as [the defendant] objected to those findings"). After consideration of the issues, the Court hereby sustains, adopts, and incorporates herein the Supplemental Report and Recommendation of United States Magistrate Judge as to Ronald Kinney, Jr. [doc. #213].

---

[5]Defendant Michael Smith objects to "each and every adverse ruling, decision, finding and order" in the Report and Recommendation. He incorporates each of his pretrial motions along with his suggestions in support and all arguments and objections made at the various hearings on the motions.

Defendant Ronda Long objects to the Report and Recommendation and requests that the Court make a de novo determination of her Motion to Suppress.

[6]Defendant Ronald Kinney objects to "each and every adverse ruling, decision, finding and order" in the Supplemental Report and Recommendation. He further incorporates each of his pretrial motions along with his suggestions in support and all arguments and objections made at the various hearings on the motions.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## IV. Report and Recommendation of United States Magistrate Judge Concerning Electronic Surveillance by Means of a Wiretap [doc. #214].

The Court is in receipt of Defendant Michael Smith's Objections to Report and Recommendation [doc. #216], Defendant Barbara Johnson's Objections to Report and Recommendation [doc. #217], Defendant Paul Kinney's Objections to Report and Recommendation [doc. #219], and Defendant Ronald Kinney's Objections to Report and Recommendation [doc. #220], wherein Defendants make generalized objections to the Magistrate's findings of fact and conclusions of law.[7] The Court has reviewed Defendants' Objections. *See Lothridge*, 324 F.3d at 600 (district court must conduct a "de novo review of the magistrate judge's proposed findings . . . insofar as [the defendant] objected to those findings"). After consideration of the issues, the Court hereby sustains, adopts, and incorporates herein the Report and Recommendation of United States Magistrate Judge Concerning Electronic Surveillance by Means of a Wiretap [doc. #214].

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Paul Kinney's Motion to Suppress Interception

---

[7]Defendant Michael Smith objects to "each and every adverse ruling, decision, finding and order" in the Report and Recommendation. He further incorporates each of his pretrial motions along with his suggestions in support and all arguments and objections made at the various hearings on the motions.
Defendant Barbara Johnson objects to the Report and Recommendation and requests that the Court make a de novo determination of her Motion to Suppress.
Defendant Paul Kinney objects to "each and every adverse ruling, decision, finding and order" in the Report and Recommendation. He further incorporates each of his pretrial motions along with his suggestions in support and all arguments and objections made at the various hearings on the motions.
Defendant Ronald Kinney objects to "each and every adverse ruling, decision, finding and order" in the Report and Recommendation. He further incorporates each of his pretrial motions along with his suggestions in support and all arguments and objections made at the various hearings on the motions.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of Electronic Communications [doc. #33] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Paul Kinney's Motion to Suppress Evidence and Statements [doc. #34] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Ronald Kinney's Motion to Suppress Evidence and Statements [doc. #30] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Ronald Kinney's Motion to Suppress Contents of Electronic Surveillance [doc. #31] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Michael Smith's Motion to Suppress Contents of Electronic Surveillance [doc. #161] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Michael Smith's Motion to Suppress Evidence and Statements [doc. #162] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Barbara Johnson's Motion to Suppress Contents of Electronic Surveillance [doc. #167] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Ronda Long's Motion to Suppress Statements and Evidence [doc. #175] is **DENIED**.

Dated this 30th day of November, 2005.

                                                E. RICHARD WEBBER
                                                UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com